## W. B. STEWART v. R. J. STARKEY et al.

### (Nashville.   December Term, 1916.)

1. **QUIETING TITLE. Bill. Sufficiency.**

A bill seeking to quiet title to land and for an accounting for rents and profits, and to enjoin the sale of the land in a pending suit, and praying for a receiver for the land, which showed on its face that the defendants had been holding and enjoying the lands under registered color of title for more than seventy years, and that the person making the alleged fraudulent deeds and will was a lineal ancestor of the plaintiff who is claiming by descent, not only fails to show a possibility of title in complainant, but affirmatively shows title in defendant, and hence was insufficient on its face.   (*Post, p.* 642.)

Case cited and approved:   Merriman v. Norman, 56 Tenn., 269.

Case cited and distinguished:   Mayse v. Biggs, 40 Tenn., 37.

2. **.JUDGMENT. Res judicata.**

Where one claiming title to land by descent asserted his rights in a suit in chancery to enjoin the sale of the land, and was unsuccessful, a subsequent bill by him to enjoin the sale is not maintainable.   (*Post, p.* 643.)

Case cited and distinguished:   Quinn v. Leake, 1 Tenn. Ch. 67, 70.

3. **EQUITY. Motion to dismiss.**

Although a motion to dismiss is a statutory defense, and not the same thing as a demurrer, and if there is any equity in the bill, however badly pleaded, such motion should not be sustained, where a bill was properly dismissed for want of equity on its face, the decree will not be disturbed, although the cause was prematurely heard.   (*Post, p.* 644.)

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.—Jno. ALLISON, Chancellor.

JNO. B. DANIEL and JESSE W. SPARKS, for appellant.

KNIGHT & BEASLEY, W. M. FUQUA and JAS. L. WATTS, for appellees.

MR. THOS. H. MALONE, Special Judge, delivered the opinion of the Court.

In this case the complainant, W. B. Stewart, filed a bill against a large number of defendants, in part 1 of the chancery court at Nashville.

The purpose of said bill was to recover a tract of land therein described, and to have an accounting for rents and profits, and to have certain documents declared clouds upon complainant's title.

The bill also sought to have the clerk and master enjoined from making a sale in another case pending in part 2 of the said chancery court at Nashville, alleging that this sale, if made, would further complicate matters; that proper parties were not before the court; that complainant filed the present bill to remove clouds from the title of the land so sold; and that, if said sale was held in said case pending in part 2, the land would be sacrificed, etc.

The bill prayed for a receiver for the land sought to be sold; for an injunction against the clerk and master, restraining him from making the sale; that the title and right of possession to the land be decreed to complainant either in fee or as tenant in common; that those entitled to possession have an accounting for the rents and profits, and for any waste commit-

ted; that certain deeds and a will be declared void and a cloud on complainant's title; and that complainant, or any other heir of William Stewart, Sr. the (original owner), legally entitled thereto, be declared the rightful owner of a certain undivided interest in the tract of land; that the defendants be perpetually enjoined from setting up any claim to the land or doing any acts by virtue of the deeds mentioned in the bill; and for general relief.

Appended to the bill was a notice to the defendants of certain documents which the complainant proposed to read as proof. This includes the will and various instruments which he is seeking to attack as clouds on the title.

A *fiat* for injunction was granted by one of the circuit judges on a $500 bond, and the bond was made, and injunction issued requiring the clerk and master and others to desist from making the sale of said property in part 2 of the chancery court as aforesaid.

The original bill was filed September 5, 1916, and the injunction was issued on the same day.

On October 2, 1916, a demurrer was filed by about nine of the defendants.

On October 12, 1916, an answer was filed on behalf of a large number of other defendants, being sworn to by one of said respondents. This answer on its face purports to be made on behalf of those defendants who are parties to the suit pending in part 2 of the chancery court, wherein sale was enjoined.

On October 16, 1916, a decree was rendered reciting that the cause was heard upon the motions of defendants who are parties to said suit pending in part 2 of the chancery court to dissolve the injunction theretofore issued, which motion the court was pleased to grant, and the injunction restraining the sale was accordingly dissolved.

On October 27, 1916, a decree was entered in said cause reading as follows:

"This cause was heard on the motion of defendant to dismiss the bill for want of equity on its face. Before the motion was acted upon the complainant moved the court to amend his bill to allege that he was the only living first cousin of Mary Jane Earhart, deceased, which motion the court was pleased to allow. And the motion to discuss the bill as amended being heard, was granted, and the bill dismissed."

Complainant has appealed from this decree, and assigns as error the action of the chancellor in sustaining said motion and dismissing his bill.

The chief question raised by appellant is whether a motion to dismiss could be sustained after some of the parties had demurred, and others had answered; appellant's contention apparently being that the action of the chancellor was premature.

It was decided, however, many years ago, that where the chancellor, in disposing of an injunction, after answer filed, has dismissed the bill for want of equity on its face, this court, even if it should be of opinion that the chancellor's action is premature,

136 Tenn.—41

would not disturb his decree if satisfied that he had reached the merits. *Mayse* v. *Biggs,* 3 Head, 37, 38; *Merriman* v. *Norman,* 9 Heisk., 269, 270.

In the case of *Mayse v. Biggs,* supra, decided in 1859, the court, speaking through Judge McKINNEY, says:

"If it were admitted that the cause was prematurely heard and the bill dismissed, to remand the cause for that reason could have no other effect than to produce delay and increase costs."

In the case at bar the motion to dismiss was entertained by the court a few days after the dissolution of the injunction, but it is not apparent how this would change the rule laid down in *Mayse* v. *Biggs* and *Merriman* v. *Norman,* supra.

Appellant, however, insists that his bill contains equities; but we have examined this record, and feel satisfied that the chancellor reached the merits of the case.

The bill shows on its face that the defendants have been holding and enjoying the lands, under registered color of title, for more than seventy years. It also shows that the person making the fraudulent deeds and will was the lineal ancestor of complainant, who is claiming the lands by descent.

Without further analysis of the bill, it is sufficient to say that, making all allowances for its somewhat obscure allegations, and placing upon the claims therein set forth the most favorable construction, it not only fails to show any possibility of title in

the complainant, but affirmatively shows title in the defendants.

The bill also fails to show any ground whatever for enjoining the sale in the other court. If the proper parties were not before the court in the other suit, that was a matter to bring up before the chancellor who ordered the sale.

It may be noted in passing that the answer filed in the present case shows that complainant participated in the other suit and asserted his rights therein, and filed a petition therein seeking to have the chancellor of the second chancery court hold up the sale, and upon his refusal so to do filed the present bill. We think it clear that the injunction was improvidently granted and properly dissolved.

It is true that a motion to dismiss is a statutory defense, and not the same thing as a demurrer, and "if there is any equity at all in the bill, however badly pleaded, such a motion should not be sustained. As stated by Chancellor COOPER in *Quinn* v. *Leake,* 1 Tenn. Ch., 67, 70:

"The motion to dismiss for want of equity only lies in those cases in which the court may *mero motu,* at any stage of the proceedings, dismiss, and that is when, admitting all the facts stated in the bill, whether well or defectively pleaded, the complainant is entitled to no relief. The court may well say in such cases, whether the objection be made by motion or demurrer or comes from the court itself, that there is no use to put the parties to any further expense."

The present bill was filed against some sixty defendants, and is evidently a case where large costs may accrue. There is no possible equity in this bill, as above shown, and we think the chancellor did right in dismissing it, and thus preventing further costs.

His decree is therefore affirmed.